The Honorable J.R. Rogers State Representative 102 West Main Street Walnut Ridge, AR 72476
Dear Representative Rogers:
I am writing in response to your request for an opinion on the following matter:
 What are the exact authorities and duties of constables in Arkansas, and the training requirements, if there are any?
RESPONSE
I have enclosed a packet of opinions that addresses various powers, duties, and authorities of constables in Arkansas. Please refer to these enclosures, which summarize the authorities, duties, and training requirements of constables.
The position of constable is constitutionally mandated in Arkansas. Ark. Const. Art. 7, § 47. Article 7, § 47 of the Arkansas Constitution states:
 The qualified electors of each township shall elect the constable for the term of two years, who shall be furnished by the presiding judge of the county court with a certificate of election, on which his official oath shall be indorsed.
Ark. Const. Art. 7, § 47.
A constable's law-enforcement duties and powers are generally set forth in A.C.A. § 16-19-301 (Repl. 1999), which declares:
 Each constable shall be a conservator of the peace in his township and shall suppress all riots, affrays, fights, and unlawful assemblies, and shall keep the peace and cause offenders to be arrested and dealt with according to law.
A.C.A. § 16-19-301(a). Additionally, the constable is empowered to make a warrantless arrest when "any offense cognizable before a justice of the peace in his township is committed in his presence." A.C.A. §16-19-301(b). Generally, A.C.A. § 16-19-503 also provides that a constable may serve civil process. A.C.A. § 16-19-503 (Repl. 1999).
As one of my predecessors noted, this office is not able to outline a treatise on the variety of statutory duties of the constable. Op. Att'y Gen. 91-394, fn. 1. I reiterate my predecessor's recommendation to also reference the Arkansas Code including, but not limited to, A.C.A. §§2-34-304; 5-66-102, 108, 116; 5-72-110; 11-4-305; 12-11-103; 12-42-106;15-41-204 (now repealed); 15-43-324; 16-17-224; 16-19-301, 403, 405, 503, 504, 506, 1001, 1003, 1005, 1008, 1009, 1010; 16-55-114, 117;16-58-107, 109, 112, 113 (now superseded); 117; 16-80-103; 16-81-104 (now repealed); 16-82-202; 16-83-103 (now repealed), 106 (now repealed);16-84-102; 16-85-603, 605; 16-93-706; 16-109-111; 16-110-304, 408;16-112-123; 18-43-109, 112; 18-48-102, 303; 20-47-102; 21-6-505;23-12-608, 708; 26-39-503 (now repealed); 26-76-106, 204; 27-50-609; and27-102-110. Id. Other statutory provisions you may wish to consult that were not cited in the 1991 opinion include A.C.A. §§ 2-38-210; 6-64-204;11-5-115; 11-7-211; 12-42-109(b); 12-42-114; 12-64-518; 16-17-224;16-17-212; 16-17-221; 16-19-302 to 306; 16-19-412; 16-19-1007;16-96-401; 17-24-302; 17-50-105; 21-6-308; and 23-112-509.
With respect to constables, the Attorney General's Office has issued numerous opinions concerning the scope of a constable's power and authority. I have summarized and enclosed several of the most pertinent opinions. I urge you to review each of the opinions attached in response to your request for an opinion.
In Op. Att'y Gen. 86-063, one of my predecessors opined that a constable is empowered to serve a criminal warrant from a municipal court, though no fee or payment could be collected for such service, and discussed the limited arrest jurisdiction of a constable. I have enclosed a copy for your review.
Whether constables are considered peace officers and are granted statewide authorized to make a warrantless arrest based on probable cause under Act 846 of 1989 was addressed in Op. Att'y Gen. 89-197. My predecessor noted that constables did not possess statewide arrest powers under Act 846. I have attached a copy of Op. Att'y Gen. 89-197 for your further review.
Opinion No. 91-030 opined that a constable could be designated to serve civil service of process by a court and that the constable could collect fees for this service. I have enclosed a copy of Op. Att'y Gen. 91-030
for your convenience.
Op. Att'y Gen. 91-039 addresses nine different questions regarding constables. I have enclosed a copy for your review.
One of my predecessors addressed four different questions concerning constables in Op. Att'y Gen. 91-090. I have enclosed a copy for your review.
Op Att'y Gen. 91-394 addresses twenty-eight various questions regarding constables. I have enclosed a copy for your review.
In discussing access to the Arkansas Crime Information Center, Op. Att'y Gen. 93-243 states that elected law-enforcement officers are prohibited from accessing the Arkansas Crime Information Center without having personally completed or an officer in their department having completed the requisite police training course by Act 605 of 1993. I have enclosed a copy of Op. Att'y Gen. 93-243 for your review.
One of my predecessors further opined that Act 605 of 1993 was constitutional. I have enclosed a copy of Op. Att'y Gen. 93-252 for your review.
My predecessor further opined that the training required by Act 605 of 1993 to be certified to access the Arkansas Crime Information Center for elected law-enforcement officials is the eight week training program at the Arkansas Law Enforcement Training Academy. I have enclosed a copy of Op. Att'y Gen. 93-260 for your review.
My predecessor also noted that elected law-enforcement officers of political subdivisions would not be given access to the Arkansas Crime Information Center unless either the officer or another law-enforcement officer of the elected officials department had completed the designated training required. I have enclosed a copy of Op. Att'y Gen. 93-266 for your review.
Another of my predecessors opined that a constable is empowered to make a warrantless arrest for a misdemeanor committed in his or her presence. I have enclosed a copy of Op. Att'y Gen. 98-063 for your review.
Additionally, Op. Att'y Gen. 2000-101 opines that a quorum court may not establish minimum criteria for holding the position of constable nor may the quorum court set the rate of compensation for a constable to be based on the level of law-enforcement training he or she possesses. I have enclosed a copy of this opinion for your review.
I have previously opined on whether constables are exempt from the requirements of a certified law-enforcement officer with respect to concealed handguns. I have enclosed a copy of Op. Att'y Gen. 2002-332 for your review.
In addition, you may wish to be aware of Senate Bill 266 of 2005, which would require constables to be certified law enforcement officers to exercise any authority concerning the criminal laws of the state, and House Bill 2731 of 2005, which would limit the number of townships per county to two, both currently pending in the General Assembly. I have enclosed copies of both bills for your review.
Assistant Attorney General Joel DiPippa prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
Enclosures